(96 South. 505)

No. 25811.

## BROCK v. ATTEBERRY.

### In re ATTEBERRY.

(April 30, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Warehousemen ⬡16—Rights of transferee of nonnegotiable receipt are those of transferor on date of notice to warehouseman.**

Under Uniform Warehouse Receipts Act, §§ 39, 42, rights of holder of nonnegotiable receipt for rice were measured by rights of his transferor at moment of notification to warehouseman of the transfer.

2. **Warehousemen ⬡16—Not required to deliver to holder of nonnegotiable receipt when negotiable receipts had been issued before notice of transfer.**

Under Uniform Warehouse Receipts Act, §§ 39, 42, where, before notice to warehouseman of transfer of nonnegotiable receipt, new negotiable receipts had been issued to transferor, transferee's ownership of the property was subject to claims of holders of negotiable receipts, and warehouseman was not required to deliver the property without their surrender.

3. **Warehousemen ⬡16—Not required to notify holder of nonnegotiable receipt that negotiable receipts have been issued.**

Where, before notice to warehouseman of transfer of nonnegotiable receipt for rice, negotiable receipts had been issued to transferor, warehouseman was not required to give transferee notice of issuance of the negotiable receipts and incurred no liability by not doing so.

4. **Warehousemen ⬡16—Need not require return of nonnegotiable receipt before issuing negotiable receipts.**

One issuing nonnegotiable warehouse receipt for rice was under no obligation to require its return before issuing negotiable receipts for the same rice.

Action by John B. Brock against Thomas T. Atteberry. Judgment for plaintiff was affirmed by the Court of Appeal, and defendant applies for certiorari or writ of review. Judgments annulled, avoided, and reversed, and judgment rendered for defendant.

Chappuis & Chappuis, of Crowley, for applicant.

L. L. Perrault, of Opelousas, for respondent.

ROGERS, J. This is a suit to recover the value of 207 sacks of rice. The action is founded upon a nonnegotiable warehouse receipt for said rice issued to plaintiff by one of defendant's employees. The defense is that the receipt was issued through error and without defendant's authority.

The judgment of the district court was in favor of plaintiff, and the case is before this court for review of the action of the court of appeal in affirming said judgment.

The facts are undisputed. Defendant conducts warehouses at Lawtell and Opelousas, in the parish of St. Landry. On October 15, 1921, H. F. Young delivered to the warehouse at Lawtell 207 bags of rice, receiving therefor a nonnegotiable receipt. About October 20, 1921, Young, for a valuable consideration, transferred this receipt to plaintiff. On November 3, 1921, plaintiff presented the receipt at the Lawtell warehouse and requested a new receipt in his own name. This request was complied with, and the receipt which is the basis of this suit was issued to plaintiff. On January 5, 1922, plaintiff presented this receipt to the warehouse and demanded delivery of the rice called for

therein. This demand was refused, defendant assigning as his reason for said refusal that no rice was held in the warehouse for account of plaintiff. Up to October 25, 1921, Young had deposited in defendant's warehouses 1,735 sacks of rice against which, at the request of said Young, defendant had issued negotiable receipts on October 25, 1921, October 26, 1921, and October 29, 1921. These negotiable receipts covered the 207 sacks of rice transferred by Young to plaintiff.

Plaintiff bases his right of recovery, apparently, upon the theory that when he presented and surrendered the receipt transferred to him by Young, and was given a new receipt in lieu thereof, an effectual delivery of the rice was made to him and an acknowledgment created on the part of defendant that he was holding the rice for account of plaintiff, and that defendant cannot be heard to deny his formal receipt.

Defendant's contention is:

"(a) That the receipts to Young and plaintiff were not warehouse receipts at all; (b) that, whether or not they were warehouse receipts, the entire transaction, beginning with the deposit of rice made by Young in October, 1921, must be viewed together and as a whole, and that plaintiff's rights are no greater than those Young had on November 3, 1921, when several days after negotiable warehouse receipts had been issued and delivered at Young's request, plaintiff gave defendant the first notification that Young had transferred and assigned his receipt to him; and (c) that if a new and independent relation of bailor and bailee apparently arose out of the issuance of the new or substituted receipt to plaintiff, then the new contract was void because, first, Melton" (defendant's employee who issued the receipt) "was not authorized to deliver Young's rice to plaintiff; and, second, because, besides, he acted in error, inadvertently, and by mistake, in doing so, he not knowing that negotiable warehouse receipts covering this rice had been previously issued."

The provisions of Act No. 221 of 1908 (Uniform Warehouse Receipts Act) are applicable to, and determinative of, the issues in-

volved in this ·case. Young transferred by his indorsement to plaintiff a nonnegotiable receipt. Under section 39 of the act the receipt could not be negotiated and its indorsement conferred upon plaintiff no additional right. His rights as transferee are established by section 42 of the statute. Under the provisions of that section, by the transfer of the receipt from Young, plaintiff acquired title to the rice as against the transferor, subject to the terms of any agreement with him; and the right to notify the defendant of the transfer of said receipt, and thereby to acquire defendant's direct obligation to hold possession of the rice for him according· to the terms of the receipt, with the limitation, however, that prior to such notification the title of the transferor to the rice and the right to acquire the obligation of the defendant might be defeated by a notification to the defendant of a subsequent sale of the rice by said transferor.

[1, 2] Young transferred the receipt to plaintiff about October 20, 1921, but it was not until November 3, 1921, that plaintiff notified defendant of the transfer. In the meantime, Young, the owner of the rice, had affected his title thereto by procuring negotiable warehouse receipts therefor. Plaintiff's claim ·against defendant did not, and could not, arise until plaintiff notified defendant of the assignment. Plaintiff's rights must be measured by the rights of his transferor at the moment of this notification; he had no greater rights. The rice was his subject to the claims, whatever they might be, of the holders of the negotiable receipts. The obligation of the defendant was to deliver the rice to the holders of the negotiable warehouse receipts, and he therefore could not honor plaintiff's demand of January 5, 1922, for the delivery of the rice without the surrender of these receipts.

[3] It may be argued that at the time plaintiff gave defendant notice of the as-

signment plaintiff was not advised of the prior issuance of the negotiable receipts, but there is no law which required defendant to give plaintiff such notice, and we fail to see how, even if the notice had been given, it would have improved the situation, as it could not have impaired the rights of the holders of the negotiable receipts, and could not have added any strength to the title of plaintiff.

[4] It may also be, argued that defendant should have exacted the return of the nonnegotiable receipt issued to Young as a condition precedent to the issuance of the negotiable receipts. The answer is that the statute only requires the surrender and cancellation of negotiable receipts.

For the reasons assigned, it is therefore ordered, adjudged, and decreed that the judgments of the Court of Appeal and of the district court be annulled, avoided, and reversed; and it is now ordered, adjudged, and decreed that there be judgment in favor of defendant, Thomas T. Atteberry, and against plaintiff, John B. Brock, rejecting plaintiff's demand at his costs in all courts.